IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-67,847-02






EX PARTE MANUEL ROSSEL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 955543-A IN THE 177TH DISTRICT COURT


FROM HARRIS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to ninety-nine years' imprisonment. The Fourteenth Court of Appeals affirmed his
conviction. Rossel v. State, No. 14-05-958-CR (Tex. App. - Hou. [14th], delivered February 10, 2005,
pet. ref'd).

 Applicant contends that he filed an application for habeas corpus on December 27, 2006,
alleging that his trial counsel rendered ineffective assistance, and then filed a supplemental
application on April 7, 2007, alleging that his appellate counsel was ineffective. Only the
supplemental application is included in this record. An original application for writ of mandamus,
WR-67,847-01, was held in abeyance August 22, 2007, requiring the district clerk to respond to
applicant's allegation that he had filed a previous application which was not included in this record,
but no response has yet been received.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for making findings of fact. The trial
court shall provide Applicant's trial counsel with the opportunity to respond to Applicant's original
claim of ineffective assistance of counsel if the original application can be located, or shall provide
applicant a reasonable opportunity to re-file that application. The trial court may use any means set
out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on
its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing
applicant's other allegations, all affidavits and interrogatories or the transcription of the court
reporter's notes from any hearing or deposition, along with the trial court's supplemental findings
of fact and conclusions of law, shall be returned to this Court within 120 days of the date of this
order. Any extensions of time shall be obtained from this Court. 




Filed: April 9, 2008

Do not publish